UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT KIDERLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:19-CV-1049-SPM |
| ) | |
| ANDREW M SAUL, [1] ) | |
| Commissioner of Social Security, ) | |
| and ) | |
| ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court *sua sponte*, following Plaintiff's failure to comply with court orders. The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c) (Doc. 9). For the reasons stated below, the Court will dismiss this case without prejudice.

I.   **BACKGROUND**

On April 29, 2019, Plaintiff, acting through counsel, filed his Complaint in the instant case. (Doc. 1). Plaintiff alleged that the decision of the Commissioner of Social Security denying his application for disability insurance benefits was not supported by substantial evidence because "the ALJ made various errors of fact and law" and Plaintiff "was unable to be substantially gainfully employed due to disability during the period when he was insured, and should therefore

---

[1] On June 4, 2019, Andrew M. Saul became the Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), Commissioner Saul is substituted for Nancy A. Berryhill as defendant in this action. No further action needs to be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

qualify for disability insurance benefits." On April 30, 2019, this Court entered a Case Management Order stating, *inter alia*, "Pursuant to E.D. Mo. L. R. 9.02, plaintiff shall, unless otherwise ordered by the Court, serve and file a brief within thirty (30) days after the Commissioner's service of an answer and the administrative transcript." (Doc. 5). The Commissioner filed the answer and administrative transcript on July 15, 2019. (Docs. 10, 11). However, Plaintiff did not file a brief, a motion requesting additional time to file a brief, or any other motion.

On April 2, 2020, the Court entered a Show Cause Order noting that Plaintiff had failed to file a brief in support of the Complaint, as required by the CMO. The Court entered an order stating that "no later than Thursday, April 30, 2020, Plaintiff shall either file a brief in support of the Complaint that complies with the requirements in the CMO or show cause why Plaintiff's cause of action should not be dismissed for failure to comply with this Court's orders." (Doc. 12). That deadline has now passed, and Plaintiff has not filed a brief or otherwise responded.

**II.   DISCUSSION**

Federal Rule of Civil Procedure 41(b) permits a defendant to move to dismiss a case based on a plaintiff's failure to prosecute or a plaintiff's failure to comply with a court order. The United States Supreme Court has held that although Rule 41(b) does not expressly address the Court's authority to dismiss a case *sua sponte* for failure to prosecute or failure comply with a court order, "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). *See also Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) ("District courts have inherent power to dismiss sua sponte a case

for failure to prosecute, and we review the exercise of this power for abuse of discretion.") (quoting *Sterling v. United States*, 985 F.2d 411, 412 (8th Cir. 1993)). Similarly, the Eighth Circuit has also found that the court has the power to dismiss a case *sua sponte* for failure to comply with a court order. *See Haley v. Kansas City Star*, 761 F.2d 489, 490 (8th Cir. 1985) ("A district court may, on its own motion, dismiss an action for failure of the plaintiff to comply with any order of the court.").

Plaintiff has repeatedly failed to comply with, or respond to, this Court's orders, and has failed to take any action at all in this case since he filed his consent to the jurisdiction of the undersigned in June 2019. Under these circumstances, the Court finds that Plaintiff's Complaint should be dismissed, without prejudice, for failure to prosecute and failure to comply with court orders.

### III. CONCLUSION

For all of the above reasons,

**IT IS HEREBY ORDERED** that this case is **DISMISSED**, without prejudice. A separate Order of Dismissal will be filed with this Memorandum and Order.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 7th day of May, 2020.